UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HUYNH AHN TRAN, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>THE CITY OF BATTLEGROUND, WASHINGTON,<br><br>    Defendant. | CASE NO. C15-5472 BHS<br><br>ORDER DENYING PLAINTIFFS' MOTION TO REMAND |

  This matter comes before the Court on Plaintiffs Gary L. Howell, Beth L. Romig, Mark R. Romig, and Huynh Ahn Tran's ("Plaintiffs") motion to remand (Dkt. 9). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

  On June 11, 2015, Plaintiffs filed a complaint against Defendant City of Battleground ("City") in Clark County Superior Court for the state of Washington. Dkt. 2 at 5–16.

1     On July 8, 2015, the City removed the matter to this Court. Dkt. 1.

2     On July 29, 2015, Plaintiffs filed a motion to remand. Dkt. 9. On August 17,
3 2015, the City responded. Dkt. 11. Plaintiffs did not reply.

## II. DISCUSSION

In this case, Plaintiffs request that the Court remand the matter under 28 U.S.C. § 1441(c), the *Younger* abstention doctrine, or the *Pullman* abstention doctrine or decline to exercise supplemental jurisdiction over the state law claims. Dkt. 9. With regard to section 1441, the City is correct that Plaintiffs relied on an outdated version of the statute and that the current version favors resolving federal claims in federal court. Dkt. 11 at 4–6. Therefore, the Court denies Plaintiffs' motion on this issue.

With regard to abstention, neither *Younger* nor *Pullman* is appropriate in this matter. *Younger* abstention requires a parallel state court proceeding and there is not such a proceeding in this case. *Pullman* abstention requires, among other things, "a sensitive area of social policy upon which the federal courts ought not to enter . . . ." *Pearl Inv. Co. v. City & Cnty. of San Francisco*, 774 F.2d 1460, 1463 (9th Cir. 1985). Plaintiffs fail to show that this case involves such a unique issue because Plaintiffs are simply requesting damages for the unauthorized taking of their property. There are no claims for specific performance or challenge to the United States Army Corps of Engineer's decision regarding filling of the wetlands in question. Therefore, the Court denies Plaintiffs' motion on this issue.

Finally, Plaintiffs' strongest argument is the Court's exercise of supplemental jurisdiction. Plaintiffs, however, fail to show that the state law claims are either complex

or predominate over the federal claims in this case. If, over the course of this proceeding, it appears to either the parties or the Court that the state law claims are novel, complex, or predominating over the federal claims, then the Court may decline supplemental jurisdiction. But, at this time, Plaintiffs have failed to make that showing.

### III. ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' motion to remand (Dkt. 9) is **DENIED**.

Dated this 2nd day of September, 2015.

BENJAMIN H. SETTLE
United States District Judge